■ In the Matter of TYZAVIER M., a Child Alleged to be Neglected. SHANICE M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [65 NYS3d 125]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about September 2, 2015, which, upon a finding of neglect, placed the child in the custody of the Commissioner of Social Services until the next permanency hearing then scheduled for December 16, 2015, and directed respondent mother to comply with her mental health services, including medication management and dyadic therapy, and to obtain stable housing with on site services, unanimously affirmed, with respect to the finding of neglect, and the appeal therefrom otherwise dismissed, without costs, as moot.

"[A] [parent's] mental condition may form the basis of a finding of neglect if it is shown by a preponderance of the evidence that his or her condition resulted in imminent danger to the child" (*Matter of Noah Jeremiah J. [Kimberly J.]*, 81 AD3d 37, 42 [1st Dept 2010] [internal quotation marks omitted]). Proof

of past or present harm to the child is not necessary when the evidence demonstrates that the child is at risk of harm based on demonstrable conduct by the parent (*Matter of Jacob L. [Chasitiy P.]*, 121 AD3d 502 [1st Dept 2014]). As such, "the court need not wait for a child to be harmed before extending its protective cloak around [the] child" (*Matter of Noah Jeremiah J.* at 42 [internal quotation marks omitted]).

At the time the Administration for Children's Services brought the petition, the child was approximately 14 months old. The record reflects that the mother has a history of mental illness and hospitalizations, including two involuntary hospitalizations that occurred after the birth of the child. The mother advised her caseworker that the child resided with the maternal grandmother during her hospitalizations, but did not know how he got there. The Covenant House records show that the mother missed appointments, resisted filling out paperwork, and engaged in other inappropriate behaviors including screaming in hallways and threatening staff. Family Court also took into account incidents at the Covenant House when the mother incorrectly administered asthma medication to the child and used the stairs while the child was in his stroller.

Based on the foregoing, Family Court's finding of neglect is supported by a preponderance of the evidence and we decline to disturb the court's fact-finding determination that the child's physical, mental or emotional condition was in imminent danger of becoming impaired as a result of the mother's mental illness (*see* Family Ct Act § 1046 [b] [i]).

The challenge to the disposition is moot since the order expired by its own terms and the child has been returned to the mother's care. Concur—Renwick, J.P., Manzanet-Daniels, Andrias, Kern and Oing, JJ.