Matter of Baby Boy W. (Jessica W.) (2019 NY Slip Op 02038)





Matter of Baby Boy W. (Jessica W.)


2019 NY Slip Op 02038


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8742 8741 8740

[*1]In re Baby Boy W., also known as Muhamed Umar W., A Child Under Eighteen Years of Age, etc., Jessica W., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Tennille M. Tatum-Evans, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.



Appeal from order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about September 10, 2015, which, based upon a fact-finding determination that respondent mother neglected the subject child and placed the child with the Commissioner of the Administration for Children's Services until the next permanency hearing and directed the mother to engage in services, unanimously dismissed, without costs, as moot. Order of fact-finding, same court and Judge, entered on or about January 29, 2015, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). At the time ACS brought the petition, the child was an infant. Hospital records show that the mother was diagnosed with anxiety, schizophrenia, bipolar disorder, and personality disorder. The record demonstrates that the mother's untreated mental illness, aggressive behavior, depression, poor impulse control, and repeated psychiatric hospitalizations for suicidal ideation placed the child at imminent risk of impairment (see Matter of Tyzavier M.[Shanice M.], 155 AD3d 578 [1st Dept 2017]; Matter of Cerenithy Ecksthine B. [Christian B.], 92 AD3d 417, 417-418 [1st Dept 2012]; Matter of Madeline R., 214 AD2d 445 [1st Dept 1995]).
The mother's appeal from the order of disposition is moot, since the dispositional order has expired by its own terms and was superseded by two subsequent permanency orders (see Matter of Fawaz A. [Franklyn B.C.], 112 AD3d 550, 551 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK